## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

LESTER STOVALL,

    Plaintiff,

    v.

H&S BAKERY,

    Defendant.

Civil Action No. TDC-22-0564

## MEMORANDUM OPINION

Plaintiff Lester Stovall, a former employee of Defendant H&S Bakery, has filed this civil action alleging multiple federal and state causes of action, including race discrimination and retaliation claims under federal civil rights statutes and state law claims of intentional infliction of emotional distress ("IIED"), malicious interference with economic advantage, and wrongful termination. Presently pending is H&S Bakery's Motion to Dismiss. ECF No. 28. Having reviewed the briefs and submitted materials, the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Motion will be GRANTED.

## BACKGROUND

Prior relevant factual background and procedural history are set forth in the Court's June 23, 2021 memorandum opinion in an earlier case filed by Stovall in which he alleged substantially similar allegations relating to his employment at H&S Bakery. *See Stovall v. H&S Bakery* ("*Stovall I*"), No. TDC-20-3234, 2021 WL 2580746, at \*2, \*8 (D. Md. June 23, 2021). That opinion is incorporated by reference. Additional facts and procedural history are provided below as necessary.

Stovall, who is Black, asserts that he worked as a driver for H&S Bakery for 25 years. In 2018, after H&S Bakery hired employees from another bakery, the new employees received more lucrative routes. Stovall alleges that on May 9, 2018, he filed an "E.E.O.C. complaint under the employee hand-book." Second Am. Compl. ("SAC") ¶ 5, ECF No. 27. Within two weeks of Stovall's complaint, H&S Bakery transferred Stovall to one of H&S Bakery's plants in Lorton, Virginia. H&S also moved Stovall from driving a commercial route to driving a lesser paying school route, resulting in a loss of wages of approximately $30,000. Finally, on August 3, 2018, H&S Bakery discharged Stovall. After that point, Stovall has been unable to obtain employment at a comparable level of pay "due to the actions taken by defendants." SAC ¶ 7.

On November 6, 2020, Stovall filed a complaint in *Stovall I*, alleging claims of race discrimination and a hostile work environment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e–17 (2018), claims of retaliation under Title VII and § 1981, and state law claims of IIED, malicious interference with economic advantage, and wrongful termination. *Stovall I*, 2021 WL 2580746, at *2. On June 23, 2021, this Court granted a Motion to Dismiss and dismissed with prejudice the hostile work environment and retaliation claims under Title VII; dismissed without prejudice claims of race discrimination through discriminatory discipline under Title VII and § 1981; and declined to exercise supplemental jurisdiction over, and dismissed without prejudice, the state law claims. *Id.* at *8.

On March 9, 2022, Stovall filed the original Complaint in the present case. After Stovall filed a First Amended Complaint on May 11, 2022, H&S Bakery filed a Motion to Dismiss. Stovall then filed with the Court a notice in which he requested leave to amend his complaint again. During an August 5, 2022 case management conference, the Court granted leave for Stovall to file a Second Amended Complaint and instructed Stovall that the new pleading must include all

allegations to be considered, even if previously referenced in an earlier complaint. The parties also agreed that with the filing of a Second Amended Complaint, there would be no further amendments permitted prior to discovery. ECF No. 26. On August 19, 2022, Stovall filed the presently operative Second Amended Complaint ("the Complaint"). ECF No. 27.

In the Complaint, Stovall alleges race discrimination and retaliation in violation of 42 U.S.C. § 1981, a conspiracy to interfere with civil rights in violation of 42 U.S.C. § 1985, a denial of equal protection of the law in violation of the Fourteenth Amendment to the United States Constitution, and the same state law claims asserted in *Stovall I*, consisting of IIED, malicious interference with economic advantage, and wrongful termination.

## DISCUSSION

In its Motion to Dismiss, H&S Bakery seeks dismissal of this action under Federal Rule of Civil Procedure 12(b)(6) on the grounds that each of Stovall's claims is deficient as a matter of law.

### I.    Legal Standard

To defeat a motion to dismiss under Rule 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Legal conclusions or conclusory statements do not suffice. *Id.* A court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005). A self-represented party's complaint must be construed liberally. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). However, "liberal construction does not

3

mean overlooking the pleading requirements under the Federal Rules of Civil Procedure." *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020).

## II.     Federal Claims

### A.     Race Discrimination

Liberally construed, the Complaint alleges race discrimination in employment under 42 U.S.C. § 1981 based on the discriminatory assignment of driving routes and Stovall's later termination. To establish a *prima facie* claim of race discrimination based on disparate treatment under § 1981, a plaintiff must present facts demonstrating that: (1) the plaintiff is a member of a protected class; (2) the plaintiff's job performance was satisfactory; (3) the plaintiff was subjected to an adverse employment action; and (4) similarly situated employees outside the protected class received more favorable treatment. *White v. BFI Waste Servs., LLC*, 375 F.3d 288, 295 (4th Cir. 2004).

As the Court noted in *Stovall I*, there is no dispute that Stovall, who is Black, is a member of a protected class or that his termination constitutes an adverse employment action. *Stovall I*, 2021 WL 2580746, at *4. For similar reasons, Stovall's reassignment to a less desirable route paying $30,000 less also constitutes an adverse employment action. *See Boone v. Goldin*, 178 F.3d 253, 255 (4th Cir. 1999) (listing demotion and decrease in pay or benefits as examples of adverse employment actions). However, Stovall has failed to allege sufficient facts to demonstrate that similarly situated employees outside of the protected class received more favorable treatment. Apart from a brief reference to white co-workers in a general discussion of § 1981, Stovall does not provide specific facts in the Complaint that support a plausible claim that similarly situated white employees at H&S Bakery received more favorable treatment than Stovall under like

circumstances. The Court will therefore dismiss Stovall's claim of race discrimination under §
1981.

### B.   Retaliation

H&S Bakery argues that Stovall's retaliation claim under § 1981 is barred by *res judicata*.
Under the doctrine of *res judicata*, a final judgment on the merits in an earlier decision precludes
the parties from relitigating claims that were raised or could have been raised during that action.
*Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004). The doctrine of *res judicata* requires:
(1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the
earlier and the later suit; and (3) an identity of parties or their privies in the two suits. *Id.* at 354–
55. As to the second element, "whether two suits arise out of the same cause of action" turns on
whether "the claims asserted therein 'arise out of the same transaction or series of transactions or
the same core of operative facts.'" *Id.* at 355 (quoting *In re Varat Enters., Inc.*, 81 F.3d 1310,
1316 (4th Cir. 1996)). When considering a Rule 12(b)(6) motion based on *res judicata* or collateral
estoppel, a court may "take judicial notice of facts from a prior judicial proceeding" when the
assertion of preclusion as a defense "raises no disputed issue of fact." *Andrews v. Daw*, 201 F.3d
521, 524 n.1 (4th Cir. 2000).

The elements of *res judicata* are satisfied as to Stovall's § 1981 retaliation claim. In *Stovall
I*, there was a final judgment on the merits on Stovall's Title VII retaliation claim, which was
dismissed with prejudice. *Stovall I*, 2021 WL 2580746, at *8; *see Harrison v. Edison Bros.
Apparel Stores, Inc.*, 924 F.2d 530, 534 (4th Cir. 1991) (stating that "[d]ismissal of an action with
prejudice is a complete adjudication of the issues presented by the pleadings and is a bar to a
further action between the parties" (quoting *Schwarz v. Folloder*, 767 F.2d 125, 129 (5th Cir.
1985))). There is an identity in the cause of action in that the § 1981 retaliation claim is based on

5

the same transactions or occurrences as the Title VII retaliation claim in *Stovall I*, specifically, Stovall's complaints following his reassignment to other routes and his termination from H&S Bakery. Finally, because Stovall and H&S Bakery are parties to both *Stovall I* and this case, there is an identity of parties between the two cases. Where the elements of *res judicata* are met, Stovall's retaliation claim will be dismissed because it should have been brought in *Stovall I*.

Even if Stovall's retaliation claim were not barred by *res judicata*, it would still fail. To establish a *prima facie* case of retaliation under § 1981, a plaintiff must present facts that establish that: (1) the plaintiff engaged in a protected activity; (2) the employer took a materially adverse action against the plaintiff; and (3) "there was a causal link between the two events." *Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 281 (4th Cir. 2015). In the Complaint, Stovall alleges that he filed an "E.E.O.C. complaint under the employee hand-book" on May 9, 2018 but provides no further details. SAC ¶ 5. The Court takes judicial notice that in *Stovall I*, Stovall attached to his complaint a letter he sent to H&S Bakery on the exact same date in which he complained that the reassignments constituted violations of H&S Bakery's employee handbook, but nowhere in that letter did he assert race discrimination. *Stovall I*, 2021 WL 2580746, at *1. Stovall has therefore failed to allege a plausible claim that he engaged in protected activity. The Court will therefore dismiss Stovall's claim of retaliation under § 1981.

### C.    42 U.S.C. § 1985

In his claim under 42 U.S.C. § 1985, Stovall alleges that H&S Bakery President John Paterakis Jr., Sales Manager David Bates, and Assistant Sales Manager Maurice Graham conspired to discriminate and retaliate against Stovall for filing an internal "E.E.O.C." complaint. SAC ¶¶ 9, 17. Section 1985 provides a cause of action for a conspiracy to deprive persons of the equal protection of the laws. 42 U.S.C. § 1985(3). To establish such a claim, a plaintiff must prove:

6

(1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy.

*Simmons v. Poe*, 47 F.3d 1370, 1376 (4th Cir. 1995). To establish the element of a conspiracy, a plaintiff must allege an agreement or "meeting of the minds" by defendants to violate the plaintiff's constitutional rights. *Id.* at 1377. Although Stovall generally alleges that the three identified individuals engaged in such a conspiracy in response to his filing of a complaint, he provides no additional facts and does not describe any specific conduct by any of the three individuals. Accordingly, he has not alleged a plausible claim under § 1985. The Court will therefore dismiss the § 1985 count.

### D.   Equal Protection

Stovall's reference to alleged discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment does not state a claim. Such a claim requires "conduct that may be fairly characterized as 'state action.'" *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 924 (1982). Here, Stovall has not plausibly alleged that H&S Bakery is a governmental entity or a state actor. Accordingly, this claim will be dismissed.

## III.   State Law Claims

Although the Court could, for a second time, decline to exercise supplemental jurisdiction over the remaining state law claims, *see* 28 U.S.C. § 1367(c) (2018), the Court will address them in the interest of efficiency and judicial economy.

### A.   IIED

Stovall claims that H&S Bakery's termination of his employment caused him "mental and physical distress, grief, shame, humiliation, and embarrassment" due to his "inability to make the financial contributions to his family" and therefore constituted IIED. SAC ¶ 8.

7

Under Maryland law, to prevail on an IIED claim, a plaintiff must show that:

(1) The conduct must be intentional or reckless; (2) The conduct must be extreme and outrageous; (3) There must be a causal connection between the wrongful conduct and the emotional distress; (4) The emotional distress must be severe.

*Harris v. Jones*, 380 A.2d 611, 614 (Md. 1977). For conduct to be "extreme and outrageous," it must "go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* (quoting Restatement (Second) of Torts § 46 cmt. d (Am. L. Inst. 1965)). For emotional distress to meet the standard of severity, it must be "so severe that no reasonable [person] could be expected to endure it." *Id.* at 616.

Here, the Complaint does not provide facts demonstrating that H&S Bakery's actions meet the standard of extreme and outrageous conduct. *See, e.g., Batson v. Shiflett*, 602 A.2d 1191, 1217 (Md. 1992) (holding that allegations that individuals strategically designed a campaign intended and calculated to harass the plaintiff, to undermine his position as Local President, and to remove him from office were not sufficient to state an IIED claim); *Beye v. Bureau of Nat'l Affs.*, 477 A.2d 1197, 1204–05 (Md. Ct. Spec. App. 1984) (holding that allegations that the plaintiff's supervisors gave him poor performance ratings, threatened to fire him, harassed him, physically assaulted him, passed him over for promotion, and deceived him into resigning were not sufficient to state an IIED claim). Further, although Stovall has alleged that he was emotionally impacted by what he considered to be an unjust termination, he does not assert facts, such as the need to consult a medical professional, that could begin to demonstrate emotional distress so severe that no reasonable person could be expected to endure it. *See Harris*, 380 A.2d at 616. The Court will therefore dismiss this claim.

## B.     Malicious Interference with Economic Advantage

Next, Stovall alleges that H&S Bakery engaged in malicious interference with economic advantage. To state a claim for the common law tort of malicious interference with economic

8

advantage, also known as tortious interference with economic relations, a plaintiff must allege: (1) intentional and willful acts; (2) calculated to cause damage to plaintiffs in their lawful business; (3) done with the unlawful purpose to cause such damage and loss, without right or justifiable cause on the part of the defendants; and (4) actual damage and resulting loss. *Kaser v. Fin. Prot. Mktg., Inc.*, 831 A.2d 49, 53 (Md. 2003). However, the tort does not apply where a defendant interferes with its own contract with the plaintiff. *K & K Mgmt., Inc. v. Lee*, 557 A.2d 965, 974 (Md. 1989). Thus, to the extent that Stovall's allegations relate to interference by H&S Bakery in Stovall's own employment with H&S Bakery, the claim will be dismissed.

Stovall has generally alleged that he has attempted to gain employment at a similar level of pay as his position at H&S Bakery, but "due to the actions taken by [H&S Bakery]," he "has been unable to obtain such employment." SAC ¶ 7. Although a claim of tortious interference with economic relations could be based on an action by a former employer to interfere with a plaintiff's efforts to enter into an employment arrangement with another company, Stovall has not alleged any specific facts that would support the conclusion that H&S Bakery engaged in such activities. Accordingly, Stovall's claim for malicious interference with economic advantage will be dismissed.

## C.   **Wrongful Discharge**

Finally, Stovall alleges that his termination by H&S Bakery constituted a wrongful termination or discharge under Maryland law. Under Maryland law, the tort of wrongful or abusive discharge is "inherently limited to remedying only those discharges in violation of a clear mandate of public policy which otherwise would not be vindicated by a civil remedy." *Makovi v. Sherwin-Williams Co.*, 561 A.2d 179, 180 (Md. 1989). Because Title VII and § 1981 provide a basis for a civil remedy for an allegedly discriminatory termination, the tort of wrongful discharge

9

does not apply to a claim arising from a termination based on alleged race discrimination. *See id.* at 190.  Stovall's wrongful discharge claim will therefore be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss will be GRANTED.  A separate Order shall issue.

Date:  June 1, 2023

THEODORE D. CHUANG
United States District Judge